IN THE U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

METROVISION PRODUCTION GROUP, LLC,
a New York limited liability company,

      Plaintiff,

v.

      Case No. _____
      Jury Trial Demanded

LIVE MEDIA GROUP, LLC, d/b/a
LIVE MEDIA GROUP EAST, LLC,
a California limited liability company,
and BRADLEY SEXTON, individually
and in his capacity as member, president,
and CEO of Live Media Group, LLC,
d/b/a Live Media Group East, LLC

      Defendants

## COMPLAINT

Plaintiff Metrovision Production Group, LLC ("Metrovision"), a New York limited liability company, by its undersigned counsel, brings this action for breach of contract, or in the alternative, unjust enrichment, against Defendants Live Media Group, LLC, d/b/a Live Media Group East, LLC ("LMG"), a California limited liability company, and Bradley Sexton, individually and in his capacity as member, president, and CEO of LMG, and alleges as follows:

### Parties

1.      Metrovision is and was at all material times herein a New York limited liability company with its principal place of business in Carlstadt, New Jersey.

2.      Upon information and belief, LMG is and was at all material times herein a California limited liability company with its principal place of business in Calabasas, California, which is registered to do business and transacts business in the State of New York under the fictitious name Live Media Group East, LLC.

3.      Upon information and belief, Bradley Sexton is and was at all material times herein a resident of the State of California, and is and was at all material times herein the sole member, president, and CEO of LMG.

## Venue and Jurisdiction

4.      Jim McGillion is and was at all material times herein the sole member and president of Metrovision.

5.      Jim McGillion is and was at all material times herein a resident of New York City, New York.

6.      Jim McGillion is and was at all material times herein a citizen of the State of New York for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

7.      Metrovision is and was at all material times herein a citizen of the State of New York for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

8.      Upon information and belief, Bradley Sexton is and was at all material times herein the sole member, president, and CEO of LMG.

9.      Upon information and belief, Bradley Sexton is and was at all material times herein a resident of the State of California.

10.     Upon information and belief, Bradley Sexton is and was at all material times herein a citizen of the State of California for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

11.     Upon information and belief, LMG is and was at all material times herein a citizen of the State of California for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

12.     From 2013 through 2017, Metrovision maintained an office with multiple employees in New York City, New York.

13.     Jim McGillion continues to transact business and has transacted business at all material times herein on behalf of Metrovision from New York City, New York.

14.     Over the years, Bradley Sexton, as principal of LMG, has directly contacted Jim McGillion via telephone, text message, and email while Jim McGillion has been in New York City, New York for the purpose of engaging Metrovision to provide certain media production services and equipment to LMG in connection with live events.

15.     Over the years, LMG has engaged Metrovision to provide certain media production services and equipment in connection with live events taking place throughout the United States, including events in in New York City, New York.

16.     Over the years, Bradley Sexton, as principal of LMG, has met with Jim McGillion in person in New York City, New York regarding the business relationship of Metrovision and LMG.

17.     Over the years, LMG has sent purchase orders to Metrovision at its former New York City, New York address.

18.     Over the years, Metrovision has sent invoices to LMG, to the attention of Bradley Sexton, from Metrovision's former New York City, New York address.

19.     Over the years, LMG and Bradley Sexton, as principal of LMG, has sent correspondence to Metrovision and to Jim McGillion, as principal of Metrovision, at Metrovision's former New York City, New York address.

20.     Over the years, Metrovision and Jim McGillion, as principal of Metrovision, have sent correspondence to LMG and Bradley Sexton, as principal of LMG, from Metrovision's former New York City, New York address.

21.     Bradley Sexton, as principal of LMG, has corresponded with Jim McGillion, as principal of Metrovision, regarding the invoices at issue herein while Jim McGillion has been physically located in New York City, New York.

22.     This Court has original subject matter jurisdiction with respect to this action pursuant to 28 U.S.C. § 1332 as there exists complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

23.     LMG is subject to the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 with proper venue pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## Count I – Breach of Contract

24.     Metrovision incorporates by reference the preceding paragraphs 1 through 23 of this Complaint as if fully set forth herein.

25.     Since approximately 2013, Bradley Sexton and LMG have engaged Metrovision to provide, and Metrovision has provided, certain media production services and equipment to LMG in connection with live events.

26.     LMG engaged Metrovision to provide, and Metrovision did provide, certain media production services and equipment on August 20, 2018 to August 26, 2018, for which Metrovision invoiced LMG the total amount due of $5,094.80, reflecting a $30,000.00 payment by LMG, to be paid "COD".

27.     To date, LMG has not paid any amount of the remaining $5,094.80 it owes Metrovision for media production services and equipment provided by Metrovision on August 20, 2018 to August 26, 2018.

28.     LMG engaged Metrovision to provide, and Metrovision did provide, certain media production services and equipment on September 1, 2018, for which Metrovision invoiced LMG the total amount due of $9,432.29, to be paid "COD".

29.     To date, LMG has not paid any amount of the $9,432.29 it owes Metrovision for media production services and equipment provided by Metrovision on September 1, 2018.

30.     LMG engaged Metrovision to provide, and Metrovision did provide, certain media production services and equipment on September 16, 2018 to September 23, 2018, for which Metrovision invoiced LMG the total amount due of $35,667.87, to be paid "COD".

31.     To date, LMG has not paid any amount of the $35,667.87 it owes Metrovision for media production services and equipment provided by Metrovision on September 16, 2018 to September 23, 2018.

32.     LMG engaged Metrovision to provide, and Metrovision did provide, certain media production services and equipment on September 24, 2018, for which Metrovision invoiced LMG the total amount due of $4,500.00, to be paid "COD".

33.     To date, LMG has not paid any amount of the $4,500.00 it owes Metrovision for media production services and equipment provided by Metrovision on September 24, 2018.

34.     LMG engaged Metrovision to provide, and Metrovision did provide, certain media production services and equipment on January 31, 2019 to February 4, 2019, for which Metrovision invoiced LMG the total amount due of $30,670.00, to be paid "COD".

35.     To date, LMG has not paid any amount of the $30,670.00 it owes Metrovision for media production services and equipment provided by Metrovision on January 31, 2019 to February 4, 2019.

36.     LMG owes Metrovision a total amount of $85,364.96 on the outstanding invoices.

37.     LMG did not honor the payment terms of "COD" set forth on the outstanding invoices.

38.     Bradley Sexton and LMG promised on several occasions to pay Metrovision the total amount due from the outstanding invoices via a payment plan.

39.     Bradley Sexton's promises were received by Jim McGillion in New York City, New York.

40.     LMG did not honor its promises to pay Metrovision the total amount due from the outstanding invoices via a payment plan.

41.     With respect to each of the outstanding invoices, Metrovision had a valid contract with LMG to provide media production services and equipment, which Metrovision adequately performed by providing such media production services and equipment.

42.     LMG breached its contract with Metrovision by failing to pay the total amount due on each of the outstanding invoices for media production services and equipment provided by Metrovision.

43.     As a result of LMG breaching its contract, Metrovision has suffered damages.

### Count II– Unjust Enrichment (In the Alternative)

44.     Metrovision incorporates by reference the preceding paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     LMG benefited from the media production services and equipment which LMG engaged Metrovision to provide and which Metrovision provided to LMG, at Metrovision's expense.

46.     Equity and good conscience require restitution by LMG for the media production services and equipment Metrovision provided to it in the amount of the full outstanding balance of $85,364.96.

## Prayer for Relief

WHEREFORE, Metrovision prays for judgment against LMG and for the following relief:

1.     That LMG be required to pay Metrovision $85,364.96, being the total outstanding amount owed for media production services and equipment provided by Metrovision, as well as pre and post judgment interest;

2.     That all costs of this action be assessed against Defendants, including all reasonable attorney's fees, costs and expenses of this action; and

3.     For such other and further relief as the Court may deem just and proper.

## Jury Demand

Metrovision demands a trial by jury of all issues properly triable by jury in this action.

METROVISION PRODUCTION GROUP, LLC

By Counsel,

/s/ Edward J. George
Edward J. George USDC SDNY Bar # 5854
DINSMORE & SHOHL LLP
P.O. Box 11887
Charleston, WV 25339
Tel. (304) 357-0900
Fax (304) 357-0919
edward.george@dinsmore.com